GLR/byk

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

XCALIBER INTERNATIONAL
LIMITED LLC ,

        Plaintiff,

v.

PHILL KLINE,
in his official capacity as Attorney General,
State of Kansas,

        Defendant.

CIVIL ACTION

No. 05-2261-JWL

## **MEMORANDUM AND ORDER**

This matter comes before the Court on Plaintiff's Motion to Compel Production Pursuant to Subpoena (doc. 38). Plaintiff requests an order compelling the Kansas Department of Revenue (KDR) to immediately produce in its possession any documents responsive to the business records subpoena it served on August 24, 2005. The KDR objects to the subpoena on several grounds. It argues that the subpoena lacks an original signature, was improperly served, is irrelevant, is vague and ambiguous, and calls for production of confidential documents under K.S.A. 75-5113(a) and Fed. R. Civ. P. 45(c)(3)(A). For the reasons set forth below, Plaintiff's Motion to Compel Production Pursuant to Subpoena is granted in part and denied in part.

**I.**      **Introduction and Background**

Plaintiff is challenging the Allocable Share Amendment (ASA) to the Kansas Escrow Statute[1] on constitutional and federal antitrust law preemption grounds. Plaintiff alleges that the ASA insulates cigarette

---

[1] K.S.A. 50-6a03.

or tobacco product manufacturers that participate in the Tobacco Master Settlement Agreement from price competition by non-participating manufacturers, which enforces an anticompetitive price fixing scheme established by participating manufacturers. Plaintiff claims a comparison of amounts paid per cigarette by participating and non-participating manufacturers is relevant to the analysis of the anticompetitive effect. On August 24, 2005, Plaintiff issued a subpoena to the KDR requesting production of certain documents containing the number of cigarettes sold by different types of manufacturers.

Although more than fourteen days after service had passed, Plaintiff's counsel agreed to accept the KDR's written objections as timely under Fed. R. Civ. P. 45(c)(2)(B). Plaintiff has now filed its Motion to Compel Production Pursuant to Subpoena.

## II.     Objections to the Subpoena

### A.     Confidentiality under K.S.A. 75-5133(a)

The KDR objects to the subpoena on the grounds that it compels production of documents required to be kept confidential under K.S.A. 75-5133(a) and is not a "proper judicial order," which would make divulging the information lawful. The KDR claims that the specific documents requested by Plaintiff's subpoena are maintained in connection with its responsibilities as a taxing and licensing agency under the Kansas Cigarette and Tobacco Products Act (KCTPA),[2] and which are required to be kept confidential under K.S.A. 75-5133(a).

K.S.A. 75-5133(a) provides, in pertinent part, that all information received by the director of taxation from returns, reports, license applications or registration documents made under tax provisions

---

[2] K.S.A. 79-3301 *et seq*.

shall be confidential. Moreover, the statute provides that "it shall be unlawful for any officer or employee for the department of revenue to divulge any such information except in accordance with other provisions of law respecting the enforcement and collection of such tax, in accordance with proper judicial order or as provided in K.S.A. 74-2424 and amendments thereto."[3]

Plaintiff and the KDR do not dispute that the subpoenaed documents are confidential under K.S.A. 75-5133(a). Instead, they frame the issue as whether Plaintiff's subpoena constitutes a "proper judicial order" so as to allow the KDR to lawfully divulge the information under the statute. The KDR argues that Plaintiff's subpoena, issued by Plaintiff's counsel without oversight by the Court, is not a "proper judicial order" under K.S.A. 75-5133(a). Conversely, Plaintiff submits that no reason exists to doubt the sufficiency of a civil subpoena as "proper judicial order." It argues that although direct judicial oversight is not required for issuance of a civil subpoena, the subpoena is nonetheless issued pursuant to the district court's subpoena power and signed by an attorney as officer of the court.

Neither Plaintiff nor the KDR have cited and the Court has not been able to locate any cases construing "proper judicial order" as the term is used in K.S.A. 75-5133(a). However, in *Sebelius v. LaFaver*,[4] the Supreme Court of Kansas interpreted "proper judicial order" in a similar confidentiality provision for income tax records in K.S.A. 79-3234. In *Sebelius*, the KDR appealed the district court's order to release confidential Kansas income tax records and information to the Kansas Workers Compensation Fund that were requested pursuant to a subpoena issued by the Kansas Workers

---

[3] K.S.A. 75-5133(a) (as amended by 2005 Kan. Sess. Laws Ch. 110 (S.B. 13)).

[4] 269 Kan. 918, 9 P.3d 1260 (2000).

Compensation Director and an order of the administrative law judge (ALJ).[5] Similar to the objections in this case, the KDR claimed that it was prohibited from disclosing the tax records and that the subpoena issued by the Director or the order issued by an ALJ were not "proper judicial orders" as contemplated by the statute.[6] The *Sebelius* court held that the subpoena and ALJ's order to comply with the subpoena were both "proper judicial orders" because the Director and ALJ had statutory authority to issue subpoenas to the same extent as the Kansas district courts.[7]

In this case, the subpoena issued from the District of Kansas was signed by one of Plaintiff's attorneys who is licensed to practice in Louisiana. Federal Rule of Civil Procedure 45(a)(3) permits an attorney, as an officer of the court, to "issue and sign a subpoena on behalf of (A) a court in which the attorney is authorized to practice; or (B) a court for a district in which . . . production is compelled by the subpoena, if the . . . production pertains to an action pending in a court in which the attorney is authorized to practice." Plaintiff's Louisiana counsel signed the subpoena purportedly on behalf of the District of Kansas. Although counsel has been admitted pro hac vice in this case, he is not permitted to issue and sign subpoenas without the signature of local counsel.[8] As the subpoena was not signed by an attorney authorized to practice in the District of Kansas, the subpoena is invalid and thus cannot constitute a "proper

---

[5]*Sebelius*, 269 Kan. at 919, 9 P.3d at 1262.

[6]*Id.* at 926-27, 9 P.3d at 1266-67.

[7]*Id.*

[8]*See* D. Kan. Rule 83.5.4(c) ("All pleadings or other papers signed by an attorney admitted pro hac vice shall also be signed by a member of the bar of this court . . ."); *see also Biocore Med. Technologies,, Inc. v. Khosrowshahi*, 181 F.R.D. 660, 669 (D. Kan. 1998) (local counsel's signature is required on subpoenas).

4

judicial order."

Although the Court holds that Plaintiff's August 24, 2005 subpoena does not constitute a "proper judicial order" under K.S.A. 75-5133(a),[9] the Court will consider Plaintiff's instant motion as one for a "proper judicial order" compelling production of the KDR business records sought. In considering Plaintiff's motion as one for a "proper judicial order," the Court will address the KDR's remaining substantive objections to Plaintiff's document request.[10]

### B. Relevance Objection

The KDR objects to producing the business records sought by Plaintiff on the grounds that the records are irrelevant because the issues before the Court are legal arguments as presented in its Motion for Summary Judgment. This is not a valid objection to the discovery sought. The Court finds that Plaintiff has sufficiently demonstrated the relevance of the information it seeks and is entitled to discovery to support its claims in the case notwithstanding the fact that a dispositive motion may be pending. The Court finds that the information sought is relevant to Plaintiff's claim that a comparison of amounts paid per cigarette by participating manufacturers and by non-participating manufacturers would show the Allocable Share Amendment's anticompetitive effect. The KDR's relevance objection is therefore overruled.

### C. Vague and Ambiguous Objection

The KDR next argues that the five document requests set forth in Schedule A attached to the

---

[9] The Court declines to address the issue of whether an otherwise valid subpoena issued and signed by an attorney authorized to practice before this Court would constitute a "proper judicial order."

[10] As the Court finds Plaintiff's August 24, 2005 subpoena invalid, the Court need not address the KDR's other technical objections to the subpoena based upon the lack of an original signature and improper service.

subpoena are vague and ambiguous. Schedule A requests the following documents:

> 1. All documents reflecting or containing stick counts, by year, for OPMs [Original Participating Manufacturers] for each year that You have received or maintained such information.
>
> 2. All documents reflecting or containing stick counts, by year, for non-exempt SPMs [Subsequent Participating Manufacturers], for each year You have received or maintained such information.
>
> 3. All documents reflecting or containing stick counts, by year, for Exempt SPMs [Subsequent Participating Manufacturers], for each year You have received or maintained such information.
>
> 4. All documents reflecting or containing stick counts, by year, for NPMs [Non-Participating Manufacturers], for each year You have received or maintained such information.
>
> 5. All documents referring to or concerning Xcaliber International Limited LLC.[11]

The definitions page also attached to the subpoena defines "concerning" as "means relating to, referring to, describing, evidencing, regarding or constituting." According to Plaintiff's definitions, "refer" or "relate" or "referring" or "relating" mean:

> all documents which explicitly or implicitly, in whole or part, were received in conjunction with, or were generated as a result of, the subject matter of the request or interrogatory, including, but not limited to, all documents which reflect, record, memorialize, discuss, describe, compare, consider, concern, constitute, embody, evaluate, analyze, review, report on, comment on, impinge upon, or impact the subject matter of the request.[12]

The KDR asserts that Plaintiff's requests, which seek all documents "reflecting or containing" stick

---

[11] Exh. 1 to Pl.'s Mem. in Support of Pl.'s Mot. to Compel Produc. Pursuant to Subpoena (doc. 39-2).

[12] *Id.*

6

counts and all documents "referring to or concerning" Plaintiff, are vague and ambiguous. The KDR claims that even using the definitions provided by Plaintiff, this language provides no insight as to what documents the drafter meant. Plaintiff defends its requests, arguing that they are specific and, on their face, cover a narrow scope of information. Plaintiff further claims that even if the language of the subpoena could be considered remotely vague, Plaintiff's counsel has made it clear in numerous phone conversations and through correspondence with the KDR that the scope of the subpoena is narrow, seeking only cigarette sales volume information.

"The party objecting to discovery as vague or ambiguous has the burden to show such vagueness or ambiguity."[13] A party responding to discovery requests "should exercise reason and common sense to attribute ordinary definitions to terms and phrases utilized in interrogatories."[14]

The KDR, as the subpoenaed non-party entity opposing discovery, has the burden to show the vagueness and ambiguity of the discovery requests.[15] In *Western Resources, Inc. v. Union Pacific Railroad Co.*, this Court held that a subpoena request was overly broad on its face as it used all-encompassing phrases such as "relate to" or "relating to."[16] The Court noted that the phrases did not modify a specific type of document and did not provide a basis for the subpoenaed entity to reasonably

---

[13]*Swackhammer v. Sprint Corp. PCS*, 225 F.R.D. 658, 662 (D. Kan. 2004).

[14]*Id.*

[15]*Id.*

[16]*Western Res., Inc. v. Union Pac. R.R. Co.*, No. 00-2043-CM, 2002 WL 1822428, at *2, (D. Kan. July 23, 2002).

determine what documents may or may not be responsive.[17] Despite the omnibus language in the subpoena, the Court rejected the argument that the requests were overly broad, vague and ambiguous for failing to reasonably identity the documents sought with precision.[18] The Court determined the balance of the language used in the requests provided adequate guidance to determine the scope of the requests.[19]

The Court agrees with the KDR that the first four requests, which seek all documents "reflecting or containing" stick counts for various manufactures, are vague and ambiguous to the extent they ask for all documents "reflecting" the stick counts for the specified categories of manufacturers listed. The Court, however, finds that the requests are not vague and ambiguous to the extent the ask for all documents "containing" this information. The Court will therefore sustain in part and overrule in part the KDR's vague and ambiguous objection to the first four requests. The KDR shall produce all documents <u>containing</u> stick counts, by year, for the specified categories of manufacturers listed in each request, i.e., for OPMs, non-exempt SPMs, exempt SPMs, and NPMs, for each year it maintains such information.

The Court further agrees with the KDR that Plaintiff's fifth document request is vague and ambiguous because it uses the language "referring to or concerning" and further defines these terms to include a litany of terms that do not provide a basis for the KDR to reasonably determine what documents may or may not be responsive. The KDR's vague and ambiguous objection to this request is therefore sustained.

**IT IS THEREFORE ORDERED THAT** Plaintiff's Motion to Compel Production Pursuant to

---

[17]*Id.*

[18]*Id.* at *3.

[19]*Id.*

Subpoena (doc. 38) is granted in part and denied in part.  **Within 11 days of the date of this Memorandum and Order**, the KDR shall produce all documents responsive to the first four document requests, as modified above, set forth in Schedule A attached to Plaintiff's August 24, 2005 subpoena.

**IT IS FURTHER ORDERED THAT** the KDR's production of the requested documents shall be subject to the Protective Order (doc. 66) entered by Chief District Judge Lungstrum on December 16, 2005.

**IT IS FURTHER ORDERED THAT** each party shall bear their own costs associated with this motion.

**IT IS SO ORDERED**.

Dated in Kansas City, Kansas on this 11th day of January, 2006.

s/ Gerald L. Rushfelt

Gerald L. Rushfelt
United States Magistrate Judge

cc:     All counsel and pro se parties